VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 20-ENV-00010



| Burton Corporation Conditional Use |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss Emergency Motion (Motion: 1)

Filer:        Burton Corporation

Attorney:     Jonathan T. Rose

Filed Date:   October 02, 2020

Response in Opposition filed on October 4, 2020 by Designated Representative Lawrence Smith, on behalf of the CRZ Group

**The Motion is Denied; the DRB reconsideration may continue.**

Burton Corporation ("Burton") sought a conditional use permit to change the use of its developed property at 266 Queen City Road. On September 4, 2020, the City of Burlington Development Review Board ("DRB") approved Burton's application, which included several conditions ("DRB conditional use decision"). One of those conditions (Condition #10), stated that "No food service is included at the property."

Burton's application did not call for any food service at the present time, but Burton became concerned that the Condition #10 language may be interpreted as a prohibition against food service being authorized in the future. Therefore, on September 23, 2020, Burton requested that the DRB reconsider this condition to clarify that it would not prohibit potential future food service. The DRB has set a hearing to consider Burton's reconsideration request for later today.

While this reconsideration request was pending with the DRB, Appellant CRZ Group filed an appeal from the initial DRB conditional use decision. Thus, CRZ's appeal was filed with this Court before the DRB had rendered its decision on a pending motion to reconsider. We regard this appeal as having been filed before the DRB decision has become final.

Burton became concerned that the pending appeal before this Court may convince the DRB to decline to consider Burton's reconsideration request. Burton therefore filed its motion to dismiss the pending appeal.

Thankfully, our Rules of Appellate Procedure, which are made applicable to this Court via V.R.E.C.P. 3, anticipates instances, such as here, when a notice of appeal is filed prior to the determination below becoming final. Pursuant to V.R.A.P. 4(a)(4), when an appeal is filed prior to the tribunal below rendering its decision on a motion, such as a motion for reconsideration, the

appeal in this Court becomes "effective when the motion [pending in the tribunal below] is decided, unless the motion is withdrawn." Id.

When applied to these proceedings, CRZ's appeal will become "effective" when the DRB renders its decision on Burton's pending reconsideration motion. This procedural directive will allow CRZ to address any legal issues it wishes to contest from the DRB's final decision, and will afford Burton an opportunity to file any cross appeal, should it wish to challenge any determinations announced by the DRB in its final determinations.

In order to provide proper procedural process by acknowledging that this appeal will only become "effective" after a final DRB determination on the pending motion for reconsideration, we **DENY** Burton's motion to dismiss. We therefore **STAY** these proceedings, pending the DRB's decision on Burton's motion to reconsider. Once the DRB's decision is rendered, CRZ will have 21 days to file their Statement of Questions. Pursuant to V.R.E.C.P. 5(b)(2), Burton shall have 14 days from the due date for CRZ to file its statement of questions to file its own notice of cross-appeal and to thereafter timely file its own statement of questions.

**So Ordered.**

Electronically signed at Newfane, Vermont this 6th day of October, 2020, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division